UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3251 CAS (JCGx) | Date | June 18, 2012 |
|---|---|---|---|
| Title | TRACY SMITH v. GREGORY CARR | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Craig Fields | Charles Cox |
| | Brigitte Mills |

**Proceedings:** **PLAINTIFF'S MOTION TO REMAND** (filed 5/11/2012)

**DEFENDANT'S MOTION TO DISMISS** (filed 5/7/2012)

## I.   INTRODUCTION

On February 23, 2012, plaintiff Tracey A. Smith filed the instant action against defendant Gregory M. Carr and does 1–10 in the Los Angeles County Superior Court. The complaint alleges claims for breach of express contract and breach of implied contract.

On April 13, 2012, defendant removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(b).  Dkt. No. 1.  Defendant asserts that diversity exists because plaintiff is a citizen of California and defendant is a citizen of Alaska.

On May 7, 2012, defendant filed a motion to dismiss plaintiff's complaint.  Dkt. No. 12.  Plaintiff filed her opposition on May 14, 2012.  Dkt. No. 14.  Defendant filed his reply on June 4, 2012.  Dkt. No. 20.

On May 11, 2012 plaintiff filed a motion to remand asserting that diversity jurisdiction does not exist because defendant is a citizen of California, not Alaska.  Dkt. No. 13.  On May 21, 2012, defendant filed his opposition.  Dkt. No. 18.  Plaintiff filed her reply on June 4, 2012.  Dkt. No. 21.  After considering the arguments set forth by both parties, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3251 CAS (JCGx) | Date | June 18, 2012 |
|---|---|---|---|
| Title | TRACY SMITH v. GREGORY CARR | | |

## II.     BACKGROUND

In or about December 2004, plaintiff, an esthetician at the Peninsula Hotel in Beverly Hills, and defendant, a frequent guest of the Peninsula Hotel, commenced a professional relationship. Compl. ¶ 9. The relationship remained strictly professional until approximately December 2007, when plaintiff agreed to go on a date with defendant. Id.

Defendant allegedly "overwhelmed" plaintiff with his financial generosity. Id. ¶ 10. According to plaintiff, defendant paid for expensive dates and vacation, and rented a beach house in Malibu where the parties lived together. Id.

In March 2009 and November 2009, plaintiff underwent two in vitro fertilization ("IVF") procedures using her own eggs and a donor's sperm. Id. ¶¶ 11–12. Defendant allegedly paid for the second procedure. Id. ¶ 12. Neither procedure was successful. Id.

In November 2009, after learning that the second procedure was unsuccessful, defendant allegedly proposed to plaintiff and made the "first of his many" oral and written promises to provide lifetime financial support to plaintiff. Id. ¶ 13. Plaintiff alleges that she agreed to marry defendant, and in approximately January 2010, in reliance on defendant's promises, quit her job, sold her esthetician equipment, and moved out of her apartment. Id. ¶¶ 13–14.

From January 2010 until November 15, 2010, plaintiff alleges that she and defendant had established a "stable and significant relationship" and lived together "at various times." Id. ¶ 15. During this period, defendant financially supported plaintiff and helped plaintiff invest some her savings with his stockbroker. Id. ¶ 17. The parties opened and shared joint checking and credit card accounts, planned their wedding, and looked for a house together. Id. ¶¶ 17–19.

Plaintiff alleges that beginning in or about January 2010, she and defendant discussed a third IVF procedure for plaintiff. Id. ¶ 20. According to plaintiff, the parties agreed that they would use donor eggs and that defendant would donate his sperm. Id. Defendant allegedly agreed to be the father of the child and to financially support the child. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3251 CAS (JCGx) | Date | June 18, 2012 |
|---|---|---|---|
| Title | TRACY SMITH v. GREGORY CARR | | |

In July 2010, defendant told plaintiff that he suffered from leukemia and therefore could not be the sperm donor for the IVF procedure.  Id. ¶ 21.  Plaintiff alleges that she and defendant nevertheless agreed to continue with the procedure using an anonymous sperm donor.  Id.  Plaintiff alleges that at no time did defendant inform her that he did not intend to support her or the child.  Id.

On November 11, 2010, plaintiff underwent the third IVF procedure in Beverly Hills, California.  Id. ¶ 23.  Plaintiff alleges that on November 15, 2010, while she was on doctor-ordered bed rest, defendant "abruptly ended" their relationship.  Id. ¶ 24.  Plaintiff avers that defendant told her that she had to vacate their shared residence.  Id.

On July 22, 2011, Sophia Marie Smith ("Sophia") was born as the result of the November 11, 2010 IVF procedure.  Id. ¶ 27.

Plaintiff alleges that defendant breached his express and implied contract to provide her with lifetime financial support, to pay for the entire IVF procedure,[1] and to support Sophia.  Id. ¶ 31.  According to plaintiff, she reasonably relied on the express and implied promises made by defendant and that plaintiff has performed all of her obligations under the parties' agreements, including giving up her job, cohabiting with defendant, and providing "attention, availability, domestic services, companionship, comfort, love, and emotional support."  Id. ¶¶ 31–32.

### III. LEGAL STANDARD

#### A. Motion to Remand

A motion for remand is the proper procedure for challenging removal.  Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure.  See 28 U.S.C. § 1447(c).  The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  The party seeking removal bears the burden of establishing federal jurisdiction.  See Prize

---

[1] Defendant allegedly owes plaintiff $15,000 for costs that plaintiff advanced for the anonymous egg donor.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3251 CAS (JCGx) | Date | June 18, 2012 |
|---|---|---|---|
| Title | TRACY SMITH v. GREGORY CARR | | |

Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:609 (The Rutter Group 2007).

Under 28 U.S.C. § 1446(b), the defendant must file the notice of removal within 30 days after being served with a complaint alleging a basis for removal. When there are multiple defendants, all defendants named in the complaint and who have been properly joined and served in the action must also join in the removal. Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986). This is known as the rule of unanimity. See Chicago, Rock Island & Pac. Ry. v. Martin, 178 U.S. 245 (1900); see also Schwarzer, supra, § 2:905.2.

If the defendants removal notice fails to meet the procedural requirements of §1446(b), the court may remand the action based on the plaintiff's timely motion. McAnally Enters., Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000). Pursuant to 28 U.S.C. § 1447(c), a motion to remand based on any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.

**B.     Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3251 CAS (JCGx) | Date | June 18, 2012 |
|---|---|---|---|
| Title | TRACY SMITH v. GREGORY CARR | | |

considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

**IV.   DISCUSSION**

   **A.   Plaintiff's Motion to Remand**

Plaintiff argues that defendant is a citizen of California, and not Alaska, for the following reasons: (1) defendant spends approximately 70–80 percent of his time in California; (2) he owns a home in Pebble Beach, California; (3) he spends 30 percent of his time at his parents' home in Palm Springs, California; and (4) he owns at least four automobiles in California. Mot. at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3251 CAS (JCGx) | Date | June 18, 2012 |
|---|---|---|---|
| Title | TRACY SMITH v. GREGORY CARR | | |

    In opposition, defendant argues that plaintiff admits in her declaration that defendant is a resident of Alaska, has an Alaska driver's license, and spends extensive time in Alaska for tax purposes. Opp'n at 2. Further, defendant asserts that his removal petition "expressly and unequivocally" states that he is a citizen of Alaska. Id. at 2, 5. Finally, defendant sets forth additional factors, all of which pertain to his citizenship in Alaska, that the Court should consider, including: (1) payment of taxes; (2) property ownership; (3) car registration; (4) voter registration; (5) business interests; (6) bank accounts; (7) an accountant; (8) a personal attorney; (9) medical providers; and (10) board memberships. Id. at 7.

    In reply, plaintiff argues that defendant has not met the burden of proof required to establish that defendant is a citizen of Alaska. Reply at 2. Specifically, plaintiff notes that defendant ignores how much time he spends in Alaska and does not dispute that he owns property in Pebble Beach. Id. at 3. Additionally, plaintiff asserts that defendant fails to provide details regarding his business interests, bank accounts, voter registration, and health care providers in Alaska. Id. at 4–6. Further, plaintiff argues that the following factors demonstrate that defendant is a citizen of California: (1) defendant receives mail in Pebble Beach; (2) he pays taxes on his house in Pebble Beach; (3) he receives medical care in California; (4) he has a telephone line in Pebble Beach and a cell phone with a Pebble Beach area code; (5) his home in California is bigger than his home in Alaska; (6) he has a masseuse and a personal trainer in California; and (7) he was personally served at his Pebble Beach residence. Id.

    The Court finds that defendant is a citizen of Alaska. Specifically, the fact that defendant owns property, pays taxes, holds bank accounts, is registered to vote, and maintains business interests in Alaska demonstrates that defendant is a citizen of Alaska. See Lew v. Moss, 797 F.2d 747, 749–750 (9th Cir. 1986); Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) ("[A]t this stage of the case, the defendants were merely required to allege (not to prove) diversity.").

/ / /

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3251 CAS (JCGx) | Date | June 18, 2012 |
|---|---|---|---|
| Title | TRACY SMITH v. GREGORY CARR | | |

Because plaintiff is a citizen of California and defendant is a citizen of Alaska, complete diversity exists pursuant to 28 U.S.C. § 1332. Therefore, the Court DENIES plaintiff's motion to remand.[2]

### B. Defendant's Motion to Dismiss

Defendant moves to dismiss plaintiff's complaint on the ground that it is an attempt to "convert a failed engagement into an actionable claim." Mot. at 1. Specifically, defendant asserts that his purported promise of lifetime support was made in connection with a promise of marriage, and therefore that plaintiff's breach of contract claim is really a non-actionable breach of marriage claim. Id. at 5–6 (citing Cal. Civ. Code § 43.5). Additionally, defendant asserts that plaintiff fails to state a Marvin claim[3] because she fails to plead facts showing that plaintiff and defendant were in a "stable and significant" cohabitation relationship, and fails to plead facts establishing that lawful consideration was exchanged in return for defendant's alleged promise of lifetime financial support and security. Id. Finally, defendant argues that plaintiff fails to state a statutory claim for child support because she does not plead that defendant is the father of Sophia or that defendant provided written consent for the IVF procedure. Id. at 13.

In opposition, plaintiff argues that the complaint explicitly alleges claims for breach of express contract and breach of implied contract under Marvin. Opp'n at 6. Additionally, plaintiff notes that defendant relies on pre-Marvin case law to support his contention that plaintiff fails to state a Marvin claim. Id. Further, plaintiff avers that she does not allege a statutory child support claim. Id. at 8. Instead, plaintiff argues that she alleges both an express and an implied contract claim that are properly plead and include contract terms, consideration, performance by plaintiff, breach, and damages. Id. at 10.

---

[2] Plaintiff additionally requests leave to conduct limited discovery on the issue of citizenship. The Court DENIES this request. Defendant, in his opposition, requests sanctions and attorneys' fees. The Court also DENIES this request.

[3] A Marvin claim is for breach of an implied agreement between unmarried cohabitating parties engaged in a "stable and significant relationship" that does not rest upon "illicit meretricious consideration." Marvin v. Marvin, 18 Cal. 3d 660 (1976).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3251 CAS (JCGx) | Date | June 18, 2012 |
|---|---|---|---|
| Title | TRACY SMITH v. GREGORY CARR | | |

Each claim is discussed in turn.

### 1. Express Contract

An express contract between nonmarital partners will be enforced unless "expressly and inseparably based upon an illicit consideration of sexual services." Marvin, 18 Cal. 3d at 672. Because virtually all agreements between nonmartial partners involve a mutual sexual relationship, any severable portion of the contract supported by independent consideration will still be enforced. Id. However, where the "rendition of sexual services" is an "inseparable part" of the consideration, the entire contract is unenforceable. Jones v. Daly, 122 Cal. App. 3d 500, 508 (Cal. Ct. App. 1981).

Here, plaintiff's allegations that she would provide defendant with "full time attention, availability, domestic services, companionship, comfort, love, and emotional support" in consideration for his alleged promise of financial support are strikingly similar to the allegations found to be insufficient in Jones. See Compl. ¶ 31; Jones, 122 Cal. App. 3d at 505 (concluding that plaintiff's agreement to quit his job as a model and render services to the defendant as a "lover, companion, homemaker, traveling companion, housekeeper and cook" was inseparable from sexual services). See also Taylor v. Fields, 178 Cal. App. 3d 653, 655 (Cal. Ct. App. 1986) (concluding that plaintiff's promise to serve as defendant's "confidante, friend, travel companion and lover" was inseparable from the rendering of sexual services).

Accordingly, the Court finds that plaintiff has not alleged that she exchanged lawful consideration for defendant's promise of lifetime support and financial security. As a result, plaintiff's and defendant's express agreement is unenforceable, and defendant's motion to dismiss is GRANTED without prejudice.[4]

---

[4] Whorton v. Dillingham, 202 Cal. App. 3d 447, 454 (Cal. Ct. App. 1988), on which plaintiff relies, is distinguishable. There, the plaintiff promised not only to provide normal domestic services, but also to provide services as the defendant's chauffeur, bodyguard, secretary, and counselor. Id. The court concluded that those "extra" services were the type of services for which one would normally expect compensation. Id. Because no such "extra" services have been alleged here, the instant case is distinguishable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3251 CAS (JCGx) | Date | June 18, 2012 |
|---|---|---|---|
| Title | TRACY SMITH v. GREGORY CARR | | |

**2.   Implied Contract**

As an initial matter, plaintiff's claim for breach of implied contract fails for the same reason as her claim for breach of express contract—namely, she has not adequately alleged lawful consideration. Nevertheless, the claim fails for additional reasons as set forth below.

Under Marvin, recovery by an unmarried partner pursuant to an implied agreement requires a showing of a "stable and significant relationship arising out of cohabitation." Bergen v. Wood, 14 Cal. App. 4th 854, 857 (1993). Cohabitation is a prerequisite to bring a Marvin claim for breach of implied contract. See Taylor, 178 Cal. App. 3d at 663. Courts consider a number of factors to determine whether a "stable and significant" relationship exists, including: the duration of the relationship, whether the couple held themselves out as husband and wife, whether the couple had children together, and whether they pooled financial resources to jointly acquire property. See e.g. Maglica v. Maglica, 66 Cal. App. 4th 442, 456–57 (Cal. Ct. App. 1998) (twenty year relationship, held themselves out as husband and wife); Alderson v. Alderson, 180 Cal. App. 3d 450, 461 (Cal. Ct. App. 1986) (twelve year relationship, joint bank accounts, income tax returns and property ownership, held themselves out as a married couple, three children together); Cochran v. Cochran, 89 Cal. App. 4th 283 (Cal. Ct. App. 2011) (thirty year relationship, held themselves out as husband and wife, one child together).

Here, plaintiff has not sufficiently alleged that she and defendant cohabited. See Compl. ¶ 15 (alleging that for approximately eleven months, the parties had a "stable and significant relationship arising out of their cohabitation at *various times*") (emphasis added). Given the short duration and the lack of consistency, the Court finds that plaintiff has not adequately alleged cohabitation.

Furthermore, plaintiff has not alleged any other facts suggesting that her relationship with defendant was "stable and significant." First, although plaintiff's and defendant's relationship lasted for three years, they were engaged to be married for only twelve months, and allegedly cohabited for only eleven months. Compl. ¶¶ 13–15, 19; Cf. Alderson, 180 Cal. App. 3d at 461 (twelve year relationship); Maglica, 66 Cal. App. 4th at 456–57 (twenty year relationship); Cochran, 89 Cal. App. 4th at 283 (thirty year relationship). Additionally, there are no allegations that the parties held themselves out as husband and wife or pooled financial resources to jointly acquire property.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3251 CAS (JCGx) | Date | June 18, 2012 |
|---|---|---|---|
| Title | TRACY SMITH v. GREGORY CARR | | |

Defendant's motion is therefore GRANTED without prejudice as to plaintiff's claim for breach of implied contract.

## V. CONCLUSION

In accordance with the foregoing, the Court DENIES plaintiff's motion to remand.

The Court GRANTS defendant's motion to dismiss without prejudice. Plaintiff shall have **thirty (30)** days to file an amended complaint. Failure to do so may result in dismissal of this case with prejudice.

The Order to Show Cause issued May 22, 2012 is hereby DISCHARGED.

IT IS SO ORDERED.

|  | 00 | : | 03 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |