UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**    JS-6

| Case No. | CV 12-3251-CAS (JCGx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | TRACEY A. SMITH V. GREGORY M. CARR | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Craig Fields | Charles Cox |

**Proceedings:**    **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** (filed August 1, 2012)

## I.    INTRODUCTION

On February 23, 2012, plaintiff Tracey A. Smith filed the instant action against defendant Gregory M. Carr and Does 1–10 in the Los Angeles County Superior Court. The complaint alleged claims for breach of express contract and breach of implied contract. On April 13, 2012, defendant timely removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(b). Defendant then filed a motion to dismiss on May 7, 2012, and plaintiff filed a motion to remand on May 11, 2012. On June 18, 2012, the Court denied plaintiff's motion to remand and granted defendant's motion to dismiss without prejudice. Dkt No. 23. On July 18, 2012, plaintiff filed a first amended complaint ("FAC") adding a third claim for equitable estoppel. Dkt. No. 24.

On August 1, 2012, defendant filed a motion to dismiss the FAC. Dkt. No. 25. Plaintiff filed her opposition on August 20, 2012. Dkt. No. 28. Defendant filed his reply on August 27, 2012. Dkt. No. 30. The Court held a hearing on September 10, 2012. After carefully considering the parties' arguments, the Court finds and concludes as follows.

## II.    BACKGROUND

The alleged facts underlying the instant dispute are known to the parties and set forth more fully in the Court's June 18, 2012 order granting defendant's motion to dismiss. Dkt. No. 23. Plaintiff's FAC paints much the same factual picture as her

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    JS-6

| Case No. | CV 12-3251-CAS (JCGx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | TRACEY A. SMITH V. GREGORY M. CARR | | |

original complaint. In brief, plaintiff alleges that she began dating defendant in December 2007, at which time he "overwhelmed" her with his financial generosity. FAC ¶¶ 10–11. In November 2009, after plaintiff's second in-vitro fertilization ("IVF") procedure was unsuccessful, defendant allegedly proposed marriage to plaintiff and made the "first of his many" oral and written promises to provide lifetime financial support to plaintiff. Id. ¶ 14. Plaintiff alleges that she accepted defendant's proposal, and in reliance on defendant's promises of support, she quit her job as an esthetician and moved out of her apartment. Id. ¶ 15.

From January 2010 until November 2010, plaintiff again alleges that she and defendant had a "stable and significant relationship" and cohabitated with defendant "at various times." Id. ¶ 16. According to plaintiff, she and defendant provided each other with "domestic services, companionship, comfort, love and emotional support"; at no time, she alleges, were any promises by either party conditioned on any illicit, meretricious consideration. Id. ¶ 17.

Plaintiff alleges that in or about January 2010, she and defendant agreed that she would undergo a third IVF procedure using defendant's sperm. Id. ¶ 21. Defendant allegedly told plaintiff they would "raise a child" together and "be great parents," that he would pay for the costs of the procedure, and that he would support plaintiff and the child for life. Id. ¶ 21; Id. Ex. A.[1]

On November 15, 2010, however, defendant allegedly ended the parties' relationship without warning. Id. ¶ 25. Seven months later, on July 22, 2011, Sophia Marie Smith ("Sophia") was born as the result of the third IVF procedure. Defendant allegedly continued to support her financially until October 2011, at which point

---

[1] Ex. A contains an email, dated November 2, 2009, allegedly sent by defendant to plaintiff, in which defendant states that plaintiff receiving IVF treatments is something he:

> support[s] not just financially but spiritually as well. I want to be the person who cares for you and comforts you. We are doing this together. . . Because if this baby arrives with smiles and giggles and many other noises. . . I hope from that moment on we are the parents who will raise the child and share our lives.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O

JS-6

| Case No. | CV 12-3251-CAS (JCGx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | TRACEY A. SMITH V. GREGORY M. CARR | | |

defendant refused to extend her any more financial support, despite the alleged promises he made to pay for her expenses. Id. ¶ 29; Id. Ex. B (email where defendant allegedly states he "won't send the $15,000 I promised today").

Plaintiff then filed the instant lawsuit, alleging that defendant breached his express promise to provide plaintiff with lifetime financial support, pay for the IVF procedure, and support Sophia. Id. ¶ 32. Plaintiff no longer alleges that defendant breached an implied contract to support *her*, but instead that there existed an implied in fact contract for defendant to pay plaintiff's medical expenses related to her pregnancy and childbirth, to pay for the IVF procedure, and to support Sophia after her birth. Id. ¶ 36. Plaintiff alleges these promises were in consideration of plaintiff: (1) giving up her job, (2) cohabiting with defendant, (3) providing "attention, availability, domestic services, companionship, comfort, love, and emotional support," (4) agreeing to raise a child with defendant. Id. ¶ 32. Alternatively, plaintiff alleges that she had a reasonable expectation that defendant would honor his alleged promises, that she relied on these representations to her detriment. Id. ¶ 37. Additionally, plaintiff asserts a claim for equitable estoppel, alleging that defendant's course of conduct and express promises induced her to act to her detriment by giving up her job, moving in full time with defendant, and undergoing a third IVF procedure. Id. ¶ 41. Plaintiff seeks either damages or child support pursuant to California Family Code § 3900 et seq. Id. ¶¶ 43–44.

## III.   LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 12-3251-CAS (JCGx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | TRACEY A. SMITH V. GREGORY M. CARR | | |

F.3d 1480, 1484 (9th Cir. 1995).  Although when ruling on a Rule 12(b)(6) motion a court generally may not consider materials outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials), see In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998), a court may consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

     However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 663-64.

     For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6).  United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

     As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-3251-CAS (JCGx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | TRACEY A. SMITH V. GREGORY M. CARR | | |

## IV.   DISCUSSION

Defendant moves to dismiss plaintiff's complaint on the grounds that "an intermittent relationship over eleven months is insufficient to support any of plaintiff's claims." Mot. at 1. Specifically, defendant argues that plaintiff alleges no additional facts in her FAC that would demonstrate she provided services "outside the interactions present in every relationship." Id. at 4. Because plaintiff failed to offer any further allegations of what legally compensable services she provided, defendant argues that her claim must be dismissed; any promise which defendant did make to pay for plaintiff's IVF procedure was gratuitous and is therefore not legally enforceable. Id. In addition, plaintiff's allegation of detrimental reliance does not save her claim, defendant argues, because where a contract violates public policy, a court may not enforce its terms in either law or equity. Reply at 2.

Additionally, defendant argues that plaintiff fails to offer any further factual allegations to support her Marvin claim, specifically facts demonstrating that she and defendant cohabitated and that their relationship was "stable and significant." Id. at 4–5.[2] Finally, defendant argues that plaintiff fails to state a claim for equitable estoppel because: (1) her alleged contract is based upon illicit consideration; (2) the doctrine acts only defensively, and cannot be used enlarge substantive rights of a party where none exist; and (3) plaintiff has failed to plead sufficient facts to support her claim. Id. at 6.

In opposition, plaintiff argues that she properly alleges a claim for breach of an express and implied contract under Marvin by pleading contract terms, consideration, and performance. Opp'n at 11. Plaintiff argues that because she has alleged cohabitation and only lawful (not meretricious) consideration based on her services as a "companion, homemaker, and social hostess," California law supports her claim. Id. at 11–14. She further argues that her case is distinguishable from many other California cases finding no valid contract between unmarried parties, because none of these cases involved alleged promises to pay for an IVF procedure and support a child born thereafter. Id. at 14.

---

[2]A Marvin claim is for breach of an implied agreement for support between unmarried, cohabitating parties engaged in a "stable and significant relationship" that is not premised on meretricious consideration. Marvin v. Marvin, 18 Cal. 3d 660 (1976).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-3251-CAS (JCGx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | TRACEY A. SMITH V. GREGORY M. CARR | | |

To support her implied contract claim, plaintiff argues that the same consideration supports this claim as with her express contract claim, including her detrimental reliance on defendant's representations.  Id. at 15.  Additionally, because she does not seek support of herself pursuant to her implied contract claim, she argues that this alleviates the need for her to adequately allege the "cohabitation" requirement which the Court previously determined to be unmet.  Id.

Additionally, plaintiff argues that several California and New York cases provide support for invoking equitable estoppel in regards to a claim of parentage and child support.  Id. at 15–17.

Each claim is discussed in turn.

**A.   Express Contract**

As the Court stated in its prior order dismissing this action:

> An express contract between nonmarital partners will be enforced unless "expressly and inseparably based upon an illicit consideration of sexual services." Marvin, 18 Cal. 3d at 672. Because virtually all agreements between nonmartial partners involve a mutual sexual relationship, any severable portion of the contract supported by independent consideration will still be enforced.  Id.  However, where the "rendition of sexual services" is an "inseparable part" of the consideration, the entire contract is unenforceable.  Jones v. Daly, 122 Cal. App. 3d 500, 508 (1981).

Dkt. No. 23 at 8.  This Court went on to find that plaintiff failed to allege she "exchanged lawful consideration for defendant's promise of lifetime support and financial security," rendering the alleged express agreement unenforceable.  Id.

The Court finds that plaintiff has failed to plead any additional facts which allege a viable claim for breach of an express contract.

First, plaintiff merely repeats her allegation from the original complaint that she did not condition her promises upon "any illicit meretricious consideration," but instead upon her providing "attention, availability, domestic services, companionship, comfort,

Case 2:12-cv-03251-CAS-JCG   Document 31   Filed 09/10/12   Page 7 of 12   Page ID #:331

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 12-3251-CAS (JCGx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | TRACEY A. SMITH V. GREGORY M. CARR | | |

love, and emotional support." FAC ¶ 17. However, these types of services are "not normally compensated and are inextricably intertwined with the sexual relationship." Bergen v. Wood, 14 Cal. App. 4th 854, 859 (1993). Plaintiff has still not alleged any additional services, like those alleged in Whorton v. Dillingham, 202 Cal. App. 3d 447, 454 (1988), which are of "the type for which one would expect to be compensated." See id. (consideration as a bodyguard, chauffeur, social and business secretary, and counselor in real estate investments). As the Court found previously, plaintiff's alleged services cannot constitute the lawful consideration required for a contract under California law. Dkt. No. 23 at 8, n. 4. In addition, the Court finds plaintiff's comparison to Marvin unpersuasive where, as here, plaintiff alleges she cohabitated with defendant "at various times" for no longer than eleven months. FAC ¶ 16. California courts have limited Marvin's scope to situations of true cohabitation. In light of the comparatively brief duration of both the parties' relationship and cohabitation, plaintiff has not alleged she performed services *in exchange for* defendant's express promises apart from the interactions typical of every romantic relationship. See Bergen, 14 Cal. App. 4th at 859–60. Without more, plaintiff's express contract claim must fail for lack of consideration, as plaintiff's alleged consideration is inextricably intertwined with any meretricious consideration.

Second, for similar reasons, plaintiff fails to state a claim based on her alleged detrimental reliance on defendant's express promises to provide her with lifetime support. Plaintiff alleges that defendant's express promises to provide lifetime support were in consideration of plaintiff's "giving up her job, selling her equipment, giving up her apartment, cohabitating with defendant, undergoing insemination procedures, and advancing part of the cost for the IVF." FAC ¶ 32.

Although detrimental reliance generally can serve as a substitute for consideration, plaintiff's alleged reliance, taken as true, would still amount to a contract that is against public policy—and one that should not be enforced in equity or law. See Kelton v. Stravinski, 138 Cal. App. 4th 941, 949 (2006) (stating that contracts contrary to public policy will not be enforced in law or in equity). Plaintiff has not alleged that she relied to her detriment in a way that is legally cognizable, given the inextricably intertwined nature of plaintiff's allegations with the sexual relationship. All of plaintiff's alleged reliance directly arose from her entering into a romantic relationship with defendant—she did not quit her job to become defendant's business partner or provide other services of "the type for which one would expect to be compensated." Whorton, 202 Cal. App. 3d at 454.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-3251-CAS (JCGx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | TRACEY A. SMITH V. GREGORY M. CARR | | |

While in the context of a significant and stable relationship or extended periods of cohabitation plaintiff's allegations of reliance might constitute a valid form of consideration under Marvin, in the *absence* of such a relationship, her alleged detrimental reliance cannot save what is otherwise an illegal contract.

Plaintiff cites to no authority that supports her position to the contrary. Cf. Della Zoppa v. Della Zoppa, 86 Cal. App. 4th 1144 (2001) (finding non-meretricious consideration adequately alleged because, *inter alia*, the relationship in question lasted for ten years, with cohabitation during the majority of that period, the parties were married for four years, and the defendant held out the children of the plaintiff as his own). See Bergen, 14 Cal. App. 4th at 858 ("Cohabitation is necessary not in and of itself, but rather, because from cohabitation flows the rendition of domestic services, which services amount to lawful consideration for a contract between the parties. . . . [I]f cohabitation were not a prerequisite to recovery, every dating relationship would have the potential for giving rise to such claims, a result no one favors."). Therefore, because the Court finds that plaintiff's allegations of detrimental reliance are inextricably intertwined with meretricious consideration, her allegations are not sufficient to plead a valid form of consideration under California law.[3]

### B. Implied In Fact Contract

Plaintiff's FAC restyles her second claim as an implied in fact contract claim seeking support only for her daughter Sophia and medical expenses related to Sophia's birth (and not for herself). FAC ¶¶ 36–39. Plaintiff appears to argue that with her claim so limited, the "cohabitation" requirement of Marvin is no longer at issue. Opp'n at 15

---

[3] In "compelling" cases, courts may enforce otherwise illegal contracts to avoid "unjust enrichment to a defendant and a disproportionately harsh penalty upon the plaintiff." Kelton, 138 Cal. App. 4th at 947. Here, defendant has not been unjustly enriched at plaintiff's expense, nor has plaintiff been disproportionately harmed; both parties were part of a mutual, adult relationship, as plaintiff alleges, with the attendant benefits and detriments that stem from such an arrangement. Accordingly, plaintiff's allegations of detrimental reliance fail to allege the requisite consideration for an enforceable agreement under California law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| | **CIVIL MINUTES - GENERAL** | | JS-6 |
|---|---|---|---|
| Case No. | CV 12-3251-CAS (JCGx) | Date | September 10, 2012 |
| Title | TRACEY A. SMITH V. GREGORY M. CARR | | |

(citing to Dunkin v. Boskey, 82 Cal. App. 4th 171 (2000) and In re Marriage of Buzzanca, 61 Cal. App. 4th 1410 (1998)).

     For the same reasons noted above and in the Court's prior order, plaintiff fails to adequately allege lawful consideration in support of her implied contract claim. Furthermore, plaintiff alleges no new facts that demonstrate either: (1) sufficient cohabitation or (2) the existence of a "stable and significant relationship" for purposes of a Marvin claim. As the Court noted in its previous order, a stable and significant relationship requires far more than plaintiff has alleged, either in her first complaint or the FAC. See Dkt. No. 23 at 9 (collecting cases).

     Outside of the Marvin context, plaintiff fails to plead sufficient facts to establish her implied breach of contract claim for financial support of Sophia; all the cases plaintiff cites in support of her claim are distinguishable. In Dunkin v. Boskey, the parties had together entered into a written contract "to create a child by the use of artificial insemination," which acknowledged their mutual "obligation to care for and support and educate and otherwise treat and consider any child born as the result of such artificial insemination in all respects as though it were our natural child." 82 Cal. App. 4th at 178–179. Furthermore, the man named as the child's father was named on the child's birth certificate, and he held the child out as his own. Id. Dunkin clearly differs from plaintiff's allegations in this case, where defendant signed no contract nor held the child out as his own. Plaintiff's comparison to In re Buzzanca is similarly flawed: there, a man was determined to be the father of a child born to a surrogate mother, where the father had signed a written consent to the insemination and had been married at that time to the woman who was determined to be the child's biological mother. 61 Cal. App. 4th at 1410–1414.

     Moreover, both cases rested on an interpretation of California Family Code § 7613, which governs the establishment of parenthood for children conceived through artificial insemination. The statute establishes parenthood (and a resultant child support obligation) only where a *husband and wife* consent *in writing* to the procedure. Cf. Buzzanca, 61 Cal. App. 4th at 1419–20 (married couple who signed a written surrogacy agreement). Neither Dunkin nor Buzzanca stands for the proposition that consent can be implied, given the clear mandate of Family Code § 7613. Because the parties to this case were not married and plaintiff has not alleged that defendant provided his written consent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    JS-6

| Case No. | CV 12-3251-CAS (JCGx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | TRACEY A. SMITH V. GREGORY M. CARR | | |

to the IVF procedure, the Court finds plaintiff's argument for an implied support obligation to be without merit.

Plaintiff does not allege the kind of personal or written contractual relationship for which courts have found it appropriate to extend an implied support obligation to the purported parent. Therefore, the Court dismisses plaintiff's implied breach of contract claim.

### C.   Equitable Estoppel

As the California Supreme Court has held:

The doctrine of equitable estoppel. . . provides that a person may not deny the existence of a state of facts if he intentionally led another to believe a particular circumstance to be true and to rely upon such belief to his detriment. The elements of the doctrine are that (1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel has a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury.

City of Goleta v. Superior Court, 40 Cal. 4th 270, 279 (2006). See also Hoopes v. Dolan, 168 Cal. App. 4th 146, 162 (2008) ("When it is successfully invoked, the court in effect closes its ears to a point—a fact, argument, claim, or defense—on the ground that to permit its assertion would be intolerably unfair."). As with other equitable claims, equitable estoppel is an issue for the Court to decide. Hoopes, 168 Cal. App. 4th at 161.

Relevant to the proceedings here, equitable estoppel "acts defensively only." Money Store Inv. Corp. v. S. California Bank, 98 Cal. App. 4th 722, 732 (2002) (citations omitted). "It operates to prevent one from taking unfair advantage of another but not to give an unfair advantage to one seeking to invoke the doctrine." Id.; see also Bailey v. Outdoor Media Group, 155 Cal. App. 4th 778, 790 (2007) (same). As such, equitable estoppel cannot be pled as a separate cause of action or claim. Money Store, 98 Cal. App. 4th at 732. Because plaintiff pleads equitable estoppel as a separate claim in her FAC, the Court determines that plaintiff is unable to state an affirmative claim for equitable estoppel as a matter of law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-3251-CAS (JCGx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | TRACEY A. SMITH V. GREGORY M. CARR | | |

Plaintiff's arguments to the contrary do not alter this conclusion. California has adopted an exhaustive legislative scheme governing the establishment of fatherhood, which incorporates the common law doctrine of estoppel. See California Family Code §§ 7600 et seq.; Buzzanca, 61 Cal. App. 4th at 1421. Under § 7611, a presumption of parenthood can arise when a man either: (1) is married to the mother; (2) has attempted to marry the mother; (3) is named on the child's birth certificate; or (4) holds the child out as his own. See Neil S v. Mary L., 199 Cal. App. 4th 240, 249 (2011) (discussing how one can obtain "presumed" parenthood status under Cal. Fam. Code § 7611). Plaintiff simply does not allege that defendant falls within any of these statutorily-prescribed categories, which is a prerequisite to finding an obligation to support a child. Without demonstrating that any of the factors set forth in § 7611 apply, her claim fails.

Plaintiff's citations to other authorities are not to the contrary. In Elisa B. v. Superior Court, on which plaintiff relies, the California Supreme Court found that a former partner in a same-sex relationship was obligated to pay child support. 37 Cal. 4th 108 (2005). The court in Elsa applied § 7611 to a female partner and found that she was the mother of the children because she: (1) was in a stable relationship with her partner at the time; (2) held the children out as her own; and (3) acted as co-parents with her former partner after the children were born. Elsa, 37 Cal. 4th at 113–16, 122–24. Unlike in Elsa, no "presumption of parentage" arises here under California Family Code § 7611, because defendant was not in a stable relationship with plaintiff, did not hold out the child as his own, and did not act as a co-parent of the child in question after she was born.[4]

It is true, as plaintiff argues, that estoppel is a way of expressing "the law's distaste for inconsistent actions and positions—like consenting to an act which brings a child into existence and then turning around and disclaiming any responsibility." Buzzanca, 61 Cal. App. 4th at 1420. However, equitable estoppel cannot be used to circumvent the exhaustive legislative scheme the California legislature has established for determining parenthood and accompanying support obligations, which already embodies these equitable principles.

---

[4] Furthermore, as discussed previously, California Family Code § 7613 does not help plaintiff here. The statute establishes parenthood only where a *husband and wife* consent *in writing* to the procedure.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-3251-CAS (JCGx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | TRACEY A. SMITH V. GREGORY M. CARR | | |

## V.      CONCLUSION

In accordance with the foregoing, the Court GRANTS defendant's motion to dismiss.  Given the fact that the allegations in the first amended complaint do not substantially differ from those initially alleged, it appears that there is no set of facts that plaintiff could allege to state a claim upon which relief could be granted.  Accordingly, because the Court finds that further leave to amend would be futile, dismissal is WITH PREJUDICE.  See Schreiber Distrib. Co., 806 F.2d at 1401.

IT IS SO ORDERED.

|  | 00 | : | 02 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |